IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01327-BNB

JOHN J. McCARTHY,
Petitioner,

v.

WARDEN, USP Florence,
Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 25 2008

GREGORY C. LANGHAM
                    CLERK

ORDER

Petitioner has filed *pro se* on September 17, 2008, "Petitioner's Objection to Order to Cure Deficiencies." Petitioner objects to an order entered in this action by Magistrate Judge Boyd N. Boland on June 27, 2008. Magistrate Judge Boland reviewed Petitioner's "Petition for a Writ of Habeas Corpus by a Prisoner in Federal Custody" and determined that Petitioner is challenging the conditions of his confinement and may not raise his claims in a habeas corpus action. Therefore, Magistrate Judge Boland ordered Petitioner to file on the proper form a Prisoner Complaint and either to pay the $350.00 filing fee or to file a properly supported Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Petitioner argues in his objection that his claims may be raised in a habeas corpus action. He does not argue that his claims are not conditions of confinement claims. For the reasons stated below, the objection will be overruled.

Pursuant to 28 U.S.C. § 636(b)(1)(A) a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that

the magistrate judge's order is clearly erroneous or contrary to law. The Court has reviewed the file and finds that Magistrate Judge Boland's June 27 order is not clearly erroneous or contrary to law. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Generally, a prisoner's challenge to his conditions of confinement is cognizable in a civil rights action. *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991).

I agree that Petitioner is challenging the conditions of his confinement and that his claims must be raised in a civil rights action. In particular, Petitioner claims that his placement in a solitary strip cell violates his due process rights; that the medical staff is deliberately indifferent to a variety of serious medical needs in violation of his Eighth Amendment rights; that he is being denied meaningful access to a law library or assistance from persons trained in the law; that he is being denied postage stamps; and that the existence of organized prison gangs creates a dangerous environment that subjects him to cruel and unusual punishment in violation of his Eighth Amendment rights. Therefore, Petitioner's objection will be overruled. Accordingly, it is

ORDERED that "Petitioner's Objection to Order to Cure Deficiencies" filed on September 17, 2008, is overruled. It is

FURTHER ORDERED that Petitioner shall have **thirty (30) days from the date of this order** to cure the deficiencies in this action if he wishes to pursue his claims. No further extensions will be granted.

DATED at Denver, Colorado, this 25 day of Sept., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01327-BNB

John J. McCarthy
Reg. No. 38051-066
USP - Florence
PO Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/25/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk